**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1832

_____

MARDOQUEO ELEAZAR CURUCHICH-CANIL,
                                         Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A202-061-948)
Immigration Judge: Shana W. Chen

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 18, 2025

Before: CHAGARES, *Chief Judge*, and BIBAS and RENDELL, *Circuit Judges*

(Filed: February 24, 2025)
_____

OPINION[*]
_____

BIBAS, *Circuit Judge*.

Mardoqueo Curuchich-Canil is a native and citizen of Guatemala. In 2014, he was

working at a store when members of the MS-13 gang entered and tried to recruit him. When

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

he refused to join their gang, they threatened him and said they would look for him. So he stopped working at the store and ran away. The same gang members called his mother twice, looking for him and trying to recruit him.

Curuchich-Canil then came to the United States illegally. The government caught him and started removal proceedings. He conceded that he was removable but sought asylum, withholding of removal, and protection under the Convention Against Torture. He claimed to belong to three particular social groups: Guatemalans who opposed or resisted gang members, Guatemalan males from gang-controlled neighborhoods, and Guatemalan males between 13 and 30 who do not belong to a gang. He also claimed persecution based on his political opinion or imputed opinion of opposing gangs.

The immigration judge denied relief and ordered Curuchich-Canil removed. She found that the gang members' threats were not concrete and menacing enough to amount to past persecution. Even if they were, there was no evidence that gang members thought he held anti-gang political opinions, and none of his proposed groups was particular, socially distinct, or the cause of any persecution. Finally, the judge found that his fear of future persecution was not objectively reasonable and found that there was no proof that the Guatemalan government was unwilling or unable to help him.

On appeal to the Board of Immigration Appeals, Curuchich-Canil spent his entire brief defending his three proposed particular social groups. The Board dismissed his appeal. It found that he had not meaningfully challenged the immigration judge's findings that (1) he was not targeted because of an anti-gang opinion, (2) he had not suffered persecution, or (3) the Guatemalan government was unable or unwilling to protect him. These issues were

2

dispositive, regardless of the fate of his proposed social groups. Plus, the Board rejected Curuchich-Canil's claim that the immigration judge had violated due process by not giving his evidence about particular social groups enough weight. As the Board noted, the judge had admitted and considered it all and did not prevent him from presenting his case.

We review the agency's factual findings for substantial evidence, deferring "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Herrera-Reyes v. Att'y Gen.*, 952 F.3d 101, 106 (3d Cir. 2020). We review legal issues de novo. *Herrera-Reyes*, 952 F.3d at 106.

The Board was correct. Even if one of Curuchich-Canil's groups were cognizable, that would not be enough. On appeal to the Board, he failed to meaningfully challenge the immigration judge's adverse findings on political opinion, past persecution, objectively reasonable fear of future persecution, and the Guatemalan government's ability and willingness to protect him. So he failed to exhaust those dispositive issues. 8 U.S.C. § 1252(d)(1).

Nor does Curuchich-Canil seek review of his Convention Against Torture claim. His only remaining claim is that the immigration judge denied him due process by slighting evidence of police corruption and the Guatemalan government's inability to protect him. But he never raised that claim before the Board and so failed to exhaust it. In any event, that is just an effort to dress up a substantial-evidence claim in due-process clothes. We will thus dismiss his petition for review.

3